IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31189
Summary Calendar
_____

LESLIE BURNS,

Plaintiff-Appellant,

versus

BRUCE LYNN, SECRETARY, DEPARTMENT OF CORRECTIONS, STATE OF
LOUISIANA; JOHN P. WHITLEY, WARDEN, LOUISIANA STATE
PENITENTIARY; MARTIN REGEL; LESLIE DUPONT, Major; CHARLES
CRAIN; BERT DUCOTE, Doctor; CALVIN BATISTE; STANLEY GRIFFIN;
FOSTER ANDREWS, Security Major; DONNIE PARKER; ROBERT E.
SCHOTT,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 90-CV-941-A-1
- - - - - - - - - - -
May 12, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Leslie Burns appeals from the district

court's grant of summary judgment for the defendants on Burns's

claims, filed pursuant to 42 U.S.C. § 1983, alleging that the

defendants violated his constitutional rights by intentionally

forcing him to perform work duties that they knew would

significantly aggravate his back condition.  Burns has also filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a motion for an order of production of medical records and a motion for an order to supplement the record with these medical records, or, in the alternative, to remand and stay the instant appeal.

We generally review a grant of summary judgment de novo. Green v. Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993). Here, however, despite the magistrate judge's warning, Burns failed to object to any of the factual findings, conclusions of law, or recommendations contained in the magistrate judge's report, which was adopted by the district court in granting summary judgment for the defendants. Accordingly, we review Burns's appeal from the summary judgment for plain error. See Douglass v. United Serv. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). "Under the plain error standard, we may exercise our discretion to correct errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings if the appellant shows clear or obvious error that affects his substantial rights." United States v. McPhail, 112 F.3d 197, 199 (5th Cir. 1997) (citation omitted).

After closely examining the record, and considering the parties' arguments, we can discern no plain error in the district court's ruling. Accordingly, Burns's motions are denied, and the district court's grant of summary judgment is affirmed. AFFIRMED; MOTIONS DENIED.